TIZIANO PLACELLA *vs.* ROSA NALINA PINELI.

JANUARY 27, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J.  Four petitions for mechanics' liens were filed in the Superior Court against the property of Rosa Pineli.  Frank A. Di Prete, holder of a mortgage on the property, was made a party respondent.  The petitions were consolidated.  One petition was dismissed for want of prosecution.  After hearing another petition was dismissed and two were granted, including that of Tiziano Placella for $128 and costs.  It was decreed that said liens take precedence over the mortgage held by Di Prete.  Di Prete has appealed from the portion of said decree which granted a lien to petitioner on the grounds that it is against the law and the weight of the evidence.

March 20, 1920, the appellant, Di Prete, conveyed a building lot to respondent and received from her a purchase price mortgage thereon for $1,200.  The deed was recorded March 27 and the mortgage was recorded March 28.  Di Prete testified that his agreement with respondent was that she was to have a house built upon the lot; that the house was to be paid for by a construction loan of $4,200 secured by a first mortgage upon the house and lot and that his mortgage should become a second mortgage.

Petitioner commenced work on the house under a written contract signed by the respondent dated March 22. By the terms of this contract respondent agreed to pay petitioner at the rate of $1 an hour for all labor he should perform on the house. The contract did not specify the dates on which the payments were to be made. Petitioner worked until April 18. The roof was then on the house. Petitioner duly commenced legal process to enforce his claim for a lien September 22, 1930.

Appellant claims that, as it appears that petitioner did not commence this legal process until five months and four days after he had completed his work, he lost his right to claim a lien because he did not commence legal process to enforce the same within the four months limited by Section 4, Chap. 301, G. L. 1923.

The agreement was that the petitioner would be paid for his work on the house when respondent procured a construction loan thereon. It is clearly shown that all parties, including the appellant, expected respondent to pay for the house by obtaining a construction loan and that, after the roof was on the house, respondent made diligent efforts to procure a loan but was unable to do so. As no time was specified in petitioner's contract when he was to be paid for his work, it was proper for him to give respondent a reasonable time within which to try to procure the construction loan. In the circumstances we cannot say that the thirty-five days granted to the respondent to procure the loan was unreasonable. It is not unusual to extend credit from thirty to sixty days.

Appellant contends that petitioner should be charged with notice of his unrecorded mortgage on respondent's land. The trial court found that petitioner had no notice of this mortgage. This was a correct finding as there is no evidence to support a finding to the contrary.

The appeal is denied, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Edward M. Sullivan, John J. Sullivan,* for complainant.
*Ralph Rotondo, James Di Prete,* for respondent..